IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, :

Plaintiff :

v. : MISCELLANEOUS NO. 06-5

YVETTE K. BAKER, M.D., :

Defendant :

MOTION TO COMPEL DEPOSITION OF JUDGMENT DEBTOR

Pursuant to 28 U.S.C. § 3015 and Rule 37 of the Federal Rules of Civil Procedure, plaintiff, the United States of America, by its undersigned counsel, hereby moves the Court for an Order compelling **Yvette K. Baker, M.D.** to appear for the purpose of an oral deposition in aid of execution and avers the following in support thereof:

1. On January 9, 2006, judgment was entered in favor of the United States and against the defendant, **Yvette K. Baker, M.D.,** in the amount of $79,872.53 plus interest at the legal rate of 4.390%. No appeal was taken from the judgment. A true and correct copy of the judgment is attached hereto as Exhibit "A".

2. The debt remains unsatisfied.

3. Plaintiff spoke with Dr. Baker's attorney, Steven DeLuca of Louisville, Kentucky, on March 14, 2006 and March 29, 2006 regarding obtaining financial information from Dr. Baker.

4. On April 11, 2006, defendant submitted financial information, which was incomplete. Plaintiff wrote a letter to defendant the same day, requesting Federal

Income Tax Returns for the previous three years, documents that had previously been requested. The tax returns were never received from defendant.

5. On May 16, 2006, plaintiff mailed a proposed repayment agreement to the defendant proposing payments of $1,500.00 per month.

6. Having received no response to its proposal, plaintiff subsequently requested, by letter of August 4, 2006, that defendant appear for an informal interview on September 6, 2006. Defendant did not respond and did not appear on September 6, 2006.

7. On October 31, 2006, plaintiff spoke with attorney Steven DeLuca and stated that plaintiff will schedule a deposition for Dr. Baker to appear. Mr. DeLuca stated that he would give Dr. Baker a call so that a date could be set up for a deposition. Mr. DeLuca did not provide a date and time for a deposition.

8. In accordance with Rules 69(a), 30 and 34 of the Federal Rules of Civil Procedure, plaintiff attempted to serve a subpoena duces tecum on the defendant requiring her to appear at the office of the United States Attorney on October 18, 2006. Process Server made seven attempts to serve Dr. Baker, on September 28, 30 and October 2, 5, 8, 13, and 16, 2006, and was unsuccessful. True and correct copies of the subpoena and Proof of Non-Service are attached hereto as Exhibit "B."

9. In accordance with Rules 69(a), 30 and 34 of the Federal Rules of Civil Procedure, plaintiff again attempted to serve a subpoena duces tecum on the defendant, requiring her to appear at the office of the United States Attorney on May 24, 2007. Process Server made six attempts to serve Dr. Baker and was unsuccessful.

True and correct copies of the subpoena and Proof of Non-Service are attached hereto as Exhibit "C."

10. Defendant has since failed to appear for her oral deposition as subpoenaed and appears to be deliberately avoiding service of the subpoena.

11. Pursuant to 28 U.S.C. § 3015 and Federal Rules of Civil Procedures 30, 34 and 69(a) as applicable to these proceedings, the plaintiff, as judgment creditor, is entitled to discover, through deposition or otherwise, the assets of the defendant available to satisfy the final judgment in the case.

12. Defendant has offered no legal or other excuse for her failure to attend the deposition or to produce the required documents. Imposition of sanctions under Rule 37(a)(4) is therefore warranted.

WHEREFORE, plaintiff requests the Court to Order **Yvette K. Baker, M.D.** to appear for oral deposition at a date and time to be set by plaintiff and to comply with a subpoena duces tecum, and to pay plaintiff its reasonable expenses incurred in filing this motion, under Rule 37(a)(4) of the Federal Rules of Civil Procedure.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, :

Plaintiff :

v. : MISCELLANEOUS NO. 06-5

YVETTE K. BAKER, M.D., :

Defendant :

ORDER

AND NOW, this day of , 2007, upon consideration of the plaintiff's Motion to Compel Deposition of Judgment Debtor and good cause appearing therein, and **Yvette K. Baker, M.D.** having failed to attend oral deposition, it is hereby ORDERED in accordance with Rule 37(a) of the Federal Rules of Civil Procedure, that the defendant shall attend oral deposition at a date and time to be determined by plaintiff and bring with her those documents listed in the subpoena duces tecum previously served upon her.

IT IS FURTHER ORDERED that **Yvette K. Baker, M.D.,** shall pay to the plaintiff $__________ as reasonable costs of this motion, pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure.

______________________________
United States District Court Judge

File No. 2005Z00200

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

2006 JAN -9 PM 1:57
FILED U.S. DISTRICT COURT DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, :

Plaintiff :

v. : MISCELLANEOUS NO.

YVETTE K. BAKER, M.D., : U. S. DISTRICT COURT - DE MISC. CASE # 06-5

Defendant :

**PRAECIPE TO FILE CERTIFIED JUDGMENT**

TO THE CLERK
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Please file the attached Consent Judgment in the District Court for the District of Delaware in favor of the United States of America, Plaintiff, and against **YVETTE K. BAKER, M.D.,** defendant, originally entered as Case No. LR-C-96-128, on September 25, 1996, in the United States District Court for the Eastern District of Arkansas, in the sum of $67,127.23 ($60,332.54 principal; $6,102.48 ten percent surcharge; $692.21 interest through September 20, 1996) plus interest from the date of Judgment at the rate of 5.900% computed daily and compounded annually until paid in full, plus costs of suit, the balance being $79,872.53 as of January 9, 2006.

**COLM F. CONNOLLY**
United States Attorney

By: [signature]
**PATRICIA C. HANNIGAN**
Assistant United States Attorney
Delaware Bar I.D. No. 2145



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 25 1996

JAMES W McCORMACK, CLERK
By: [signature]
DEP. CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA )
)
)
v. ) NO. LR-C-96-128
)
)
YVETTE KETAI BAKER )

U.S. DISTRICT COURT - DE
MISC. CASE # 06-5

CONSENT JUDGMENT

Upon consent of the defendant that plaintiff's cause is just and judgment should be rendered against said defendant in favor of plaintiff in the sum of $67,127.23 ($60,332.54 principal; $6,102.48 10% surcharge; $692.21 interest through September 20, 1996) to be paid in monthly installments of $1,000.00, with the first installment due upon the signing of the payment agreement and consent judgment; and subsequent payments to be made thereafter on the 1st of each month beginning on November 1, 1996, until judgment is satisfied in full.

If any installment shall not be paid when it becomes due and payable, then the entire unpaid balance plus all accrued interest may be declared immediately due and payable and execution, garnishment, attachment, or other process may issue in aid of the judgment hereby granted.

IT IS THEREFORE the judgment of the Court that United States of America does have judgment against Yvette Ketai Baker as set out above.

[signature]
HONORABLE WILLIAM R. WILSON
UNITED STATES DISTRICT JUDGE

Date

THIS DOCUMENT ENTERED ON DOCKET SHEET IN COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP ON 9/26/96 BY [signature]

A TRUE COPY I CERTIFY
JAMES W. McCORMACK, CLERK
By [signature] D.C.

6

APPROVED:

YVETTE KETAI BAKER
Defendant

SUSAN GORDON GUNTER
Attorney for Defendant

STACEY E. MCCORD
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Praecipe to File Federal Judgment was served upon defendant by depositing same in the United States mail, postage prepaid, this 9th day of January, 2006, addressed to:

**YVETTE K. BAKER, M.D.**
345 Pine Valley Road
Dover, DE 19904

**PATRICIA C. HANNIGAN**
Assistant United States Attorney

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

UNITED STATES OF AMERICA
Plaintiff
V.
YVETTE K. BAKER, M.D.
Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number: 06-5

TO: YVETTE K. BAKER, M.D.
345 Pine Valley Road
Dover, DE 19904

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| United States Attorney's Office, 1007 Orange Street, Suite 700, Wilmington, Delaware 19899 | Wed, Oct. 18, 2006, 10:00a.m. |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED LIST.

| PLACE | DATE AND TIME |
|---|---|
| | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 9/27/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia C. Hannigan, Esquire 302-573-6277x156
1007 Orange Street, Suite 700, Wilmington, DE 19899

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 10/17/06 | 345 PINE VALLEY RD. DOVER, DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| YVETTE K. BARKER, MD | ACCEPTED BY NON-EST ATTEMPTED 9/28/06, 9/30/06, 10/2/06, 10/5/06, 10/08/06 10/13/06, 1016/06 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| GRANVILLE MORRIS | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 10/17/06
DATE

SIGNATURE OF SERVER

**BRANDYWINE PROCESS SERVERS, LTD.**
**P.O. BOX 1360**
**WILMINGTON, DE 19899-1360**
**302-475-2600**

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsorof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

UNITED STATES OF AMERICA
Plaintiff
V.

YVETTE K. BAKER, M.D.
Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number: 06-05

TO: YVETTE K. BAKER, M.D.
345 Pine Valley Road
Dover, DE 19904

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| United States Attorney's Office, 1007 Orange Street, Suite 700, Wilmington, Delaware 19899 | Thur, May 24, 2007, 11:00a.m. |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED LIST.

| PLACE | DATE AND TIME |
|---|---|
| | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 4/18/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia C. Hannigan, Esquire - 302-573-6277x156
1007 Orange Street, Suite 700, Wilmington, DE 19899

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5/9/07 | 345 PINE VALLEY RD DOVER, DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| YVETTE K. BAKER, MD | ACCEPTED BY NON-EST NO CONTACT ON 6 ATTEMPTS |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| GRANVILLE MORRIS | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5/9/07
DATE

SIGNATURE OF SERVER

**BRANDYWINE PROCESS SERVERS, LTD.**
**P.O. BOX 1360**
**WILMINGTON, DE 19899-1360**
**302-475-2600**

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsorof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the partyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(ii!) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

CERTIFICATE OF SERVICE

I hereby certify that two copies of the foregoing Motion to Compel of Judgment Debtor and proposed Order were served on the defendant, **Yvette K. Baker, M.D.,** by certified mail, June 12, 2007, addressed to:

**Steven DeLuca, Esquire**
9016 Taylorsville Road, #183
Louisville, KY 40299

**Yvette K. Baker, M.D.**
345 Pine Valley Road
Dover, DE 19904

COLM F. CONNOLLY
United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov